IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and HOWARD McDOUGALL, trustee,<br><br>        Plaintiffs,<br><br>        v.<br><br>MISSOURI PIPING, INC., a Missouri corporation,<br><br>        Defendant. | FILED:   JULY 17, 2008<br>       08CV4078<br>       JUDGE CONLON<br>       MAGISTRATE JUDGE KEYS<br>       NF<br><br>Case No.:<br><br>Judge:<br><br>Magistrate Judge: |

## COMPLAINT

**NOW COME** Plaintiffs Central States, Southeast and Southwest Areas Pension Fund, and Howard McDougall, trustee, and, by their attorneys, complain against Defendant Missouri Piping, Inc., a Missouri corporation ("Missouri Piping"), alleging as follows:

## JURISDICTION AND VENUE

1. This action is brought and maintained in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 *et seq*. and is a suit to recover employer contributions owed to the Trustees of the Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund") by Defendant.

2. This Court has jurisdiction over this action pursuant to §§502(e)(1) and 502(f) of ERISA, 29 U.S.C. §§1132(e)(1) and 1132(f).

3. Venue properly lies in this Court pursuant to the venue selection clause of the Pension Fund Trust Agreement ("Trust Agreement") which designates this forum as the location for suits to collect delinquent fringe benefit contributions, and §502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), because the Pension Fund is administered in, and maintains their principal place of business in, Rosemont, Cook County, Illinois.

## PARTIES AND RELATIONSHIPS

4. The Pension Fund is an employee benefit plan and trust, with its administrative office and its principal and exclusive offices at 9377 West Higgins Road in Rosemont, Cook County, Illinois.

5. The Pension Fund is primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements with local unions affiliated with the International Brotherhood of Teamsters ("IBT") on behalf of employees of those same employers. All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing pension benefits to participants and beneficiaries of the Pension Fund and paying the administrative expenses of the Pension Fund.

6. Plaintiff Howard McDougall is a Trustee and a "fiduciary" of the Pension Fund as that term is defined in ERISA and brings this action in his capacity as a Trustee and fiduciary.

7. Defendant Missouri Piping is an "employer" and a "party-in-interest" as those terms are defined by, respectively 29 U.S.C. §§1002(5) and 1002(14)(C).

8. Local Union No. 682 ("Local 682") of the IBT is a labor organization which represented, for the purpose of collective bargaining, certain employees of Defendant, and employees of other employers in industries affecting interstate commerce.

## CERTAIN RELEVANT BACKGROUND EVENTS

9. Defendant entered into a collective bargaining agreement with Local 682 covering the period of May 1, 2005 through April 30, 2008, pursuant to which Defendant agreed to pay contributions on behalf of covered employees to the Pension Fund.

10. Defendant also entered into a Participation Agreement with Local 682 that requires Defendant to pay contributions to the Pension Fund.

11. Defendant also agreed to be bound by the Pension Fund Trust Agreement. The Trust Agreement requires Defendant to "make continuing and prompt payments to the [Pension Fund] as required by the applicable collective bargaining agreement."

12. The Pension Fund relies upon participating employers to self-report the work history of eligible employees in order to prepare a monthly bill and determine benefit eligibility.

13. The self-reporting system requires participating employers like Defendant to identify those employees for whom contributions are owed and requires the employers to identify the weeks and/or days worked by the eligible employees.

14. During the period of December 2007 through May 2008, Defendant failed to remit its monthly contributions as required by the Collective Bargaining Agreement, the Participation Agreement, and the Trust Agreement.

15. During the period of June 2007 through November 2007, Defendant failed to remit interest on its delinquent monthly contributions as required by the Collective Bargaining Agreement, the Participation Agreement, and the Trust Agreement.

16. The Trust Agreement provides, in part, that:

> Non-payment by an Employer of any moneys due shall not relieve any other Employer from his obligation to make payment. In addition to any other remedies to which the parties may be entitled, an Employer shall be obligated to pay interest on any contributions, or withdrawal liability or other moneys due to the Trustees from the date when the payment was due to the date when the payment is made together with all expenses of collection incurred by the Trustees, including, but not limited to, attorneys' fees and such fees for late payment as the Trustees determine and as permitted by law. The interest payable by an Employer, in accordance with the preceding sentence, shall be computed and charged to the Employer at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which the interest is charged. Any judgment against an employer for contributions or withdrawal liability owed to this Fund shall include the greater of (a) a doubling of the interest computed and charged in accordance with this section or (b) single interest computed and charged in accordance with this section plus liquidated damages in the amount of 20%

of the unpaid contributions or withdrawal liability. The interest rate after entry of a judgment against an Employer for contributions [or withdrawal liability] shall be due from the date the judgment is entered until the date of payment, shall be computed and charged to the Employer on the entire judgment balance at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which the interest is charged and shall be compounded annually.

## STATUTORY AUTHORITY

17.  ERISA §515, 29 U.S.C. §1145, provides that:

Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

18.  ERISA §502(g)(2), 29 U.S.C. §1132(g)(2), provides that:

(2)  In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan --

   (A)  the unpaid contributions,

   (B)  interest on the unpaid contributions,

   (C)  an amount equal to the greater of --

      (i)  interest on the unpaid contributions, or

      (ii)  liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

   (D)  reasonable attorney's fees and costs of the action, to be paid by the defendant, and

   (E)  such other legal or equitable relief as the court deems appropriate.

> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

## STATUTORY AND CONTRACTUAL VIOLATIONS

19. Defendant breached the provisions of ERISA, the Collective Bargaining Agreement, the Participation Agreement, and the Trust Agreement by failing to pay all of the contributions (and interest due thereon) which were owed to the Pension Fund during the period of December 2007 through May 2008, and by failing to pay all interest amounts which were owed to the Pension Fund for the period of June 2007 through November 2007.

20. Despite demands that Defendant perform its statutory and contractual obligations with respect to making contributions and interest payments to the Pension Fund, Defendant has neglected and refused to pay the amounts that are due as a consequence of the conduct set forth in paragraph 19.

21. Defendant owes to the Pension Fund in excess of $3,357.75 for unpaid contributions and interest through July 31, 2008 as a result of the conduct set forth in paragraph 19.

**WHEREFORE**, Plaintiffs Central States, Southeast and Southwest Areas Pension Fund, and Howard McDougall, Trustee, request the following relief against Defendant Missouri Piping, Inc., a Missouri corporation:

(a) A judgment against Defendant in favor of the Pension Fund for all contributions and interest payments that are owed as of the date of the judgment based upon employee work history, plus the greater of double interest or single interest plus liquidated damages and all attorneys' fees and costs and audit fees and costs incurred by Plaintiffs in connection with this action;

(b)  Post-judgment interest at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which interest is charged;

(c)  That this Court retain jurisdiction of the cause pending compliance with its orders; and

(d)  Such further or different relief as the Court may deem proper and just.

Respectfully submitted,

/s/ Rebecca K. McMahon
Rebecca K. McMahon
Attorney for Plaintiffs
Central States, Southeast and Southwest Areas
Pension Fund
9377 West Higgins Road
Rosemont, Illinois  60018-4938
847/518-9800, Ext. 3441
ARDC #06290192

July 17, 2008

F: 268066 / 08110052 / 7/17/08

-6-