IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and HOWARD McDOUGALL, trustee, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.:  08 C 4078 |
| MISSOURI PIPING, INC., a Missouri corporation, | ) ) ) | Judge:  Conlon |
| Defendant. | ) ) | Magistrate Judge:  Keys |

## MOTION FOR JUDGMENT BY DEFAULT

Plaintiffs Central States, Southeast and Southwest Areas Pension Fund and Howard

McDougall, trustee, (hereinafter collectively referred to as "Pension Fund"), pursuant to

Rule 55(b) of the Federal Rules of Civil Procedure ("F.R.Civ.P."), hereby move this court

for the entry of a judgment by default against Defendant Missouri Piping, Inc., a Missouri

corporation ("Missouri Piping").  In support of this  motion, the Pension  Fund states as

follows:

1.    On July 17, 2008, Plaintiffs filed a Complaint against Defendant in accordance

with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29

U.S.C. § 1001, et seq., as amended by the Multiemployer Welfare Plan Amendments Act

of 1980, to recover delinquent employer contributions due and owing to the Pension Fund

by Defendant as well as interest, liquidated damages, and attorneys' fees and costs.

2.    This Court has subject matter jurisdiction of this action and venue of this

action properly lies in this District.  29 U.S.C. § 1132(e)(1) and (e)(2).  (Affidavit of Jo

Evelyn George-Roberson ¶¶4-5 ("George-Roberson Affidavit") attached hereto as Exhibit 1 and incorporated herein by reference.)

3.     On July 22, 2008, Defendant was served by personal delivery of Summons and Complaint and this Court has personal jurisdiction over Defendant.  See Affidavit of Service filed on July 31, 2008; F.R.Civ.P. Rule 4(c), (h).

4.     The time for Defendant to appear, plead, or otherwise defend has expired and Defendant has failed to appear, plead, or otherwise defend in this action.

5.     On August 25, 2008 this Court entered a technical default against Missouri Piping for failure to answer or otherwise plead to the complaint.

6.     The Pension Fund receives contributions from numerous employers pursuant to collective bargaining agreements by and between employers and various local unions affiliated with the International Brotherhood of Teamsters ("IBT").  (George-Roberson Affidavit ¶6).

7.     The contributions received by the Pension Fund are used to provide retirement benefits for the participants of the Pension Fund.  (George-Roberson Affidavit ¶6).

8.     Defendant is an employer bound by the provisions of a collective bargaining agreement with Local 682 of the IBT.  Pursuant to the provisions of the collective bargaining agreement, Defendant was required to pay monthly employer contributions to the Pension Fund on behalf of certain covered employees.  (George-Roberson Affidavit ¶7).

9.     Defendant and Local 682 executed a Participation Agreement which requires Defendant to pay contributions to the Pension Fund in accordance with the Collective Bargaining Agreement.  (George-Roberson Affidavit ¶7).

10.     Defendant, as a participating employer in the Pension Fund, is required to advise the Pension Fund with respect to the names of individuals who perform covered work and are required to indicate which weeks are worked by the employees.  Based upon the work history reported by the employers, the Pension Fund bills the employers for contributions.  (George-Roberson Affidavit ¶8).

11.     Defendant breached the provisions of the collective bargaining agreement, the participation agreement, and the Pension Fund's Trust Agreement by failing to pay all contributions to the Pension Fund which the employee work history reported to the Pension Fund revealed to be owed for the period of December 2007 through May 2008.  (George-Roberson Affidavit ¶9).

12.     As a result, Defendant owes the principal amount of $3,252.30 for delinquent employer contributions to the Pension Fund.  (George-Roberson Affidavit ¶9).

13.     Pursuant to 29 U.S.C. § 1132(g)(2), the Pension Fund is entitled to the following relief when it prevails in an action under 29 U.S.C. § 1145:

    (i)     the unpaid contributions;
    (ii)    interest on the unpaid contributions;
    (iii)   an amount equal to the greater of the interest or liquidated damages as provided under the Plan in an amount not in excess of twenty percent (20%) of the unpaid contributions; and
    (iv)   reasonable attorneys' fees and costs.

14.     Pursuant to the terms of the Pension Fund Trust Agreement, the Pension Fund is entitled to pre-judgment interest on the entire outstanding balance at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which interest is charged and shall be compounded annually.  (George-Roberson Affidavit ¶11).

15.     Through September 9, 2008, Defendant owes the Pension Fund the total amount of $145.52 in interest for the period of June 2007 through September 2007 and November 2007 through May 2008 on the unpaid employer contributions and untimely paid contributions.  (George-Roberson Affidavit ¶12).

16.     Pursuant to the terms of the Pension Fund Trust Agreement, the Pension Fund is entitled to the greater of doubled interest or liquidated damages in the amount of twenty percent (20%) of unpaid employer contributions.  (George-Roberson Affidavit ¶13).

17.     Defendant owes the Pension Fund the total amount of $650.46 ($3,252.30 x 20%) in liquidated damages in the greater amount of twenty percent (20%) of the unpaid employer contributions. (George-Roberson Affidavit ¶14).

18.     Under the Pension Fund's Plan, interest on a judgment entered against an employer is computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the months for which the interest is charged.  (George-Roberson Affidavit ¶16).

19.     Pursuant to the provisions of the Pension Fund Trust Agreement and ERISA, 29 U.S.C. § 1132(g)(2)(D), Defendant is required to pay all attorneys' fees and costs incurred in connection with this case.  The attorneys' fees total $1,204.50 and costs total $445.00.  (See Affidavit of Rebecca K. McMahon attached hereto as Exhibit 2 and incorporated herein by reference).

20.     Accompanying this motion is a proposed Judgment Order which is attached hereto as Exhibit 3.

**WHEREFORE**, Plaintiffs Central States, Southeast and Southwest Areas Pension Fund, and Howard McDougall, trustee, pray for entry of judgment by default in favor of Plaintiffs and against Defendant Missouri Piping, Inc., a Missouri corporation, as follows:

(A)    For the past due employer contributions in the amount of $3,252.30; together with interest in the amount of $145.52; liquidated damages in the amount of $650.46; attorneys' fees in the amount of $1,204.50; and costs in the amount of $445.00.

(B)    That this Court award Plaintiffs Central States, Southeast and Southwest Areas Pension Fund, and Howard McDougall, trustee, post-judgment interest computed at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which interest is charged;

(C)    That this Court retain jurisdiction to enforce the provisions of its Order; and

(D)    For such other relief deemed just and proper.

Respectfully submitted,


  /s/  Rebecca K. McMahon
Rebecca K. McMahon
Attorney for Plaintiffs
Central States, Southeast and Southwest Areas
Pension Fund
9377 West Higgins Road
Rosemont, Illinois  60018-4938
847/518-9800, Ext. 3441
September 4, 2008          ARDC #06290192

## <u>CERTIFICATE OF SERVICE</u>

I, Rebecca K. McMahon, one of the attorneys for the Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall, trustee, certify that on September 4, 2008, I caused the foregoing Motion for Default Judgment to be filed electronically. I served the foregoing Motion and Notice of said Motion on September 4, 2008, via UPS Next Day Air to:

> Missouri Piping, Inc.
> c/o Alan Stephens
> 370 Brown Road
> St. Peters, Missouri 63376

Said documents were deposited in the United States Mail at 9377 West Higgins Road, Rosemont, Illinois, 60018-4938, with proper prepaid postage affixed thereto, this 4th day of September, 2008.

/s/ Rebecca K. McMahon
Rebecca K. McMahon
One of Central States' Attorneys

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and HOWARD McDOUGALL, trustee, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.:  08 C 4078 |
| MISSOURI PIPING, INC., a Missouri corporation, | ) ) ) | Judge:  Conlon |
| Defendant. | ) ) | Magistrate Judge:  Keys |

## AFFIDAVIT OF JO EVELYN GEORGE-ROBERSON

| | |
|---|---|
| State of Illinois | ) |
| | ) SS |
| County of Cook | ) |

I, Jo Evelyn George-Roberson, having been duly sworn on oath, depose and state as follows:

1.      I am the Department Manager - Collections at the Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund").  I have personal knowledge of the facts set forth below and would be competent to testify as to these facts if called as a witness in this matter.

2.      I am responsible for managing the collection of past due employer contributions owed to the Pension Fund, including past due employer contributions owed by Defendant Missouri Piping, Inc., a Missouri corporation ("Missouri Piping").

3.      In the regular course of business, the Pension Fund keeps and maintains files relating to the contributions owed by Defendant to the Pension Fund.  The file is under my dominion and control.

-1-

4.   On the date this action was filed and to the present date, Plaintiff Howard McDougall was and is one of the trustees and a fiduciary of the Pension Fund. The Trustees are the plan sponsors of the Fund within the meaning of Section 4001(a)(10) of ERISA, 29 U.S.C. § 1301(a)(10).

5.   The Pension Fund is a multiemployer plan which is administered at its principal place of business at 9377 West Higgins Road, Rosemont, Illinois 60018-4938.

6.   The Pension Fund receives employer contributions from approximately 3,000 employers pursuant to collective bargaining agreements by and between employers and various local unions affiliated with the International Brotherhood of Teamsters ("IBT"). All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing benefits to participants and beneficiaries of the Pension Fund and paying the administrative expenses of the Fund.

7.   The Pension Fund's records indicate that Defendant was bound by a collective bargaining agreement and Participation Agreement entered into with Local Union 682 affiliated with the IBT under which Defendant was required to pay employer contributions to the Pension Fund on behalf of certain of their employees. Defendant is also bound by the Pension Fund's Trust Agreement.

8.   The Pension Fund relies upon employers to self-report the work history of eligible employees. Under this self-reporting system, participating employers initially establish a base group of employees for whom contributions are due. Thereafter, the employer is required to notify the Fund on a monthly basis of any changes in the employment status of individuals covered by the collective bargaining agreement (e.g. layoffs, new hires, terminations, etc.). The Pension Fund relied upon these reports submitted by employers to prepare a monthly contributions bill that is sent to the

employers.  Contributions for each calendar month are due 15 days after the end of the month.

9.      Defendant has not paid all employer contributions owed by Defendant to the Pension Fund for the period of December 2007 through May 2008 in the principal amount of $3,252.30 to the Pension Fund.  A true and genuine copy of the Pension Fund's Member Contribution Report for Defendant for the period of May 2007 through May 2008 and the Pension Fund's Breakdown of Contributions Outstanding for Defendant are attached hereto as Exhibit A and is incorporated herein by reference.

10.     Under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), the Pension Fund is entitled to the following relief when it prevails in an action under Section 515 of ERISA, 29 U.S.C. § 1145:

> (i)     the unpaid contributions;
> (ii)    interest on the unpaid contributions;
> (iii)   an amount equal to the greater of the interest or liquidated damages as provided under the Plan in an amount not in excess of twenty percent (20%) of the unpaid contributions; and
> (iv)    reasonable attorney's fees and costs.

11.     Pursuant to the terms of the Pension Fund's Trust Agreements, the Pension Fund is entitled to pre-judgment interest on the entire outstanding balance at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which interest is charged and shall be compounded annually.

12.     Through September 9, 2008, Defendant owes interest for the period of June 2007 through September and November 2007 through May 2008 on the unpaid and untimely paid employer contributions in the total amount of $145.52 to the Pension Fund.

13.    Pursuant to the terms of the Pension Fund's Trust Agreements, the Pension Fund is entitled to the greater of doubled interest or liquidated damages in the amount of twenty percent (20%) of unpaid employer contributions.

14.    Defendant owes liquidated damages in the greater amount of twenty percent (20%) of the unpaid employer contributions in the total amount of $650.46 ($3,252.30 x 20%) to the Pension Fund.

15.    As a result of Defendant's failure to pay all of the contributions owed by Defendant to the Pension Fund, Defendant is indebted in the total amount of $4,048.28 to the Pension Fund, exclusive of attorney's fees and costs.

16.    Under the Pension Fund's Plan, interest on a judgment entered against an employer is computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth day of the months for which the interest is charged.

17.    Pursuant to the provisions of the Pension Fund's Plan, the Pension Fund is required to and does provide credit to employees of participating employers regardless of whether the employer ever pays the corresponding contributions.

**FURTHER AFFIANT SAYETH NOT.**

Jo Evelyn George-Roberson

Subscribed and sworn to before me, a Notary Public, this _3rd_ day of September, 2008.

_____
Notary Public

"OFFICIAL SEAL"
GEORGE O HANSEN
Notary Public, State of Illinois
My Commission Expires 1/21/2009

F: 272316 / 08110052 / 9/2/08                    -4-

# EXHIBIT A

CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS
PENSION FUND

BREAKDOWN OF CONTRIBUTIONS OUTSTANDING
**AS OF SEPTEMBER 3, 2008**

**MISSOURI PIPING INC**
ACCOUNT NO. 5505330-0100

| TRANS. NO | DESCRIPTION | AMOUNT | INT. THRU 09/09/2008* | PAYMENTS APPLIED | DATE POSTED | BALANCE DUE |
|---|---|---|---|---|---|---|
| 1579200 | 06/2007 Billing | $703.20 | $6.44 | $586.00 117.20 | 08/10/2007 04/21/2008 | 6.44 |
| 1593234 | 07/2007 Billing | 556.70 | 7.20 | 556.70 | 10/05/2007 | 7.20 |
| 1610156 | 08/2007 Billing | 586.00 | 0.00 | 586.00 | 10/05/2007 | 0.00 |
| 1625689 | 09/2007 Billing | 732.50 | 12.41 | 732.50 | 12/24/2007 | 12.41 |
| 1641221 | 10/2007 Billing | 615.30 | 0.00 | 615.30 | 12/24/2007 | 0.00 |
| 1655644 | 11/2007 Billing | 556.70 | 8.23 | 556.70 | 02/14/2008 | 8.23 |
| 1672923 | 12/2007 Billing | 732.50 | 35.37 | 0.00 | | 767.87 |
| 1691246 | 01/2008 Billing | 586.00 | 23.60 | 0.00 | | 609.60 |
| 1706544 | 02/2008 Billing | 586.00 | 19.83 | 0.00 | | 605.83 |
| 1721803 | 03/2008 Billing | 732.50 | 20.12 | 0.00 | | 752.62 |
| 1738213 | 04/2008 Billing | 586.00 | 12.32 | 0.00 | | 598.32 |
| 1752777 | 05/2008 Billing | 29.30 | 0.00 | 0.00 | | 29.30 |
| TOTALS | | $7,002.70 | $145.52 | $3,750.40 | | $3,397.82 ** |

FOOTNOTES:

*Interest thru 09/09/08
 computed on individual items
 from date due.

** A judgment entered against an employer shall include the total balance due as stated

above plus an additional amount equal to the greater of:

(A)  Doubling of interest                                              $145.52

(B)  Liquidated damages, based on the unpaid
     contributions in the amount of 20%                                $650.46

S:/Delinquent Accounts/Missouri Piping Innc.

**MEMBER CONTRIBUTION REPORT**
**MEMBER INFORMATION**

Report Date : 09/03/2008
Page 1 of 1

Employer  :  MISSOURI PIPING INC
Period Start : 12/30/2007  -  Period Stop : 05/26/2008
Sorted by  :  Terminal - Member Name

| | JAN | | FEB | | MAR | | APR | | MAY | | JUN | JUL | AUG | SEP | OCT | NOV | DEC |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| COWAP , JOSEPH , A | | | | | SSN: | | REDACTED | | | Year: 2008 | | | ETLC No. 5505330 - 0100 - 00682A | | | | Employee Type : Regular |
| | 12/30 ACT | 5 | 01/27 ACT | 5 | 02/24 ACT | 5 | 03/30 ACT | 5 | 04/27 ACT | 1 | 06/01 | 06/29 | 07/27 | 08/31 | 09/28 | 10/26 | 11/30 |
| | 01/06 ACT | 5 | 02/03 ACT | 5 | 03/02 ACT | 5 | 04/06 TER | 5 | 05/04 TER | 0 | 06/08 | 07/06 | 08/03 | 09/07 | 10/05 | 11/02 | 12/07 |
| | 01/13 ACT | 5 | 02/10 ACT | 5 | 03/09 ACT | 5 | 04/13 ACT | 5 | 05/11 TER | 0 | 06/15 | 07/13 | 08/10 | 09/14 | 10/12 | 11/09 | 12/14 |
| | 01/20 ACT | 5 | 02/17 ACT | 5 | 03/16 ACT | 5 | 04/20 ACT | 5 | 05/18 TER | 0 | 06/22 | 07/20 | 08/17 | 09/21 | 10/19 | 11/16 | 12/21 |
| | | | | | 03/23 ACT | 5 | | | 05/25 TER | 0 | | | 08/24 | | | 11/23 | |
| H&W | $0.00 | 20 | $0.00 | 20 | $0.00 | 25 | $0.00 | 20 | $0.00 | 1 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| PEN | $586.00 | | $586.00 | | $732.50 | | $586.00 | | $29.30 | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| | Year: 2008 | | H&W    $0.00 | | | | | | | PEN   Days: 86   $2519.80 | | | | | | | | |
| Totals for : COWAP , JOSEPH , A for All Years | | | | | | | | | | | | | | | | | |
| H&W | $0.00 | | $0.00 | | $0.00 | | $0.00 | | $0.00 | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| PEN | $586.00 | | $586.00 | | $732.50 | | $586.00 | | $29.30 | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Report totals: | | | | | | | | | | | | | | | | | |
| H&W | $0.00 | | $0.00 | | $0.00 | | $0.00 | | $0.00 | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| PEN | $586.00 | | $586.00 | | $732.50 | | $586.00 | | $29.30 | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

**MEMBER CONTRIBUTION REPORT**

**MEMBER INFORMATION**

Employer : MISSOURI PIPING INC
Period Start : 05/27/2007   -   Period Stop : 12/29/2007
Sorted by : Terminal - Member Name

| | JAN | FEB | MAR | APR | MAY | JUN | | JUL | | AUG | | SEP | | OCT | | NOV | | DEC | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | COWAP , JOSEPH , A | | SSN: | REDACTED | Year: 2007 | | | | | ETLC No. 5505330 - 0100 - 00682A | | | | | | | | Employee Type : Regular | |
| | 12/31 | 01/26 | 02/25 | 04/01 | 04/29 | 05/27 ACT | 5 | 07/01 ACT | 4 | 07/29 ACT | 5 | 08/26 ACT | 5 | 09/30 ACT | 5 | 10/28 ACT | 5 | 11/25 ACT | 5 |
| | 01/07 | 02/04 | 03/04 | 04/08 | 05/06 | 06/03 ACT | 5 | 07/08 ACT | 5 | 08/05 ACT | 5 | 09/02 ACT | 5 | 10/07 ACT | 5 | 11/04 ACT | 5 | 12/02 ACT | 5 |
| | 01/14 | 02/11 | 03/11 | 04/15 | 05/13 | 06/10 ACT | 5 | 07/15 ACT | 5 | 08/12 ACT | 5 | 09/09 ACT | 5 | 10/14 ACT | 6 | 11/11 ACT | 5 | 12/09 ACT | 5 |
| | 01/21 | 02/18 | 03/18 | 04/22 | 05/20 | 06/17 ACT | 5 | 07/22 ACT | 5 | 08/19 ACT | 5 | 09/16 ACT | 5 | 10/21 ACT | 5 | 11/18 ACT | 4 | 12/16 ACT | 5 |
| | | | 03/25 | | | 06/24 ACT | 4 | | | | | 09/23 ACT | 5 | | | | | 12/23 ACT | 5 |
| H&W | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | 24 | $0.00 | 19 | $0.00 | 20 | $0.00 | 25 | $0.00 | 21 | $0.00 | 19 | $0.00 | 25 |
| PEN | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $703.20 | | $556.70 | | $586.00 | | $732.50 | | $615.30 | | $556.70 | | $732.50 | |
| | Year: 2007 | H&W   $0.00 | | | | PEN  Days: 153  $4482.90 | | | | | | | | | | | | | |
| | Report totals: | | | | | | | | | | | | | | | | | | |
| H&W | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | | $0.00 | | $0.00 | | $0.00 | | $0.00 | | $0.00 | | $0.00 | |
| PEN | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $703.20 | | $556.70 | | $586.00 | | $732.50 | | $615.30 | | $556.70 | | $732.50 | |

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and HOWARD McDOUGALL, trustee, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.: 08 C 4078 |
| | ) | |
| MISSOURI PIPING, INC., a Missouri corporation, | ) ) | Judge: Conlon |
| | ) | Magistrate Judge: Keys |
| Defendant. | ) | |

## AFFIDAVIT OF REBECCA K. MCMAHON

| | |
|---|---|
| State of Illinois | ) |
| | ) SS |
| County of Cook | ) |

I, Rebecca K. McMahon, having been duly sworn on oath, depose and state as follows:

1.     I am an attorney employed by the Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund") and I am familiar with the pending litigation.

2.     I have reviewed the Plaintiffs' billing records and have determined that the work performed in connection with this case was performed by myself and Albert Madden, Associate General Counsel.   Albert M. Madden graduated from law school in 1980 and was admitted to practice in Illinois in 1980.

3.     I graduated from Valparaiso University School of Law in 2006.   I was admitted to the bar of the State of Illinois on November 9, 2006 and admitted to practice in the United States District Court for the Northern District of Illinois on January 11, 2007.

I have worked as an attorney responsible for ERISA contribution and withdrawal liability litigation since 2006.

4.     I believe that a reasonable rate for the aforementioned services is $135.00 per hour for work performed by myself. I believe a reasonable rate for the aforementioned services is $250.00 per hour for work performed by Albert Madden.

5.     In addition to the work performed by myself, paralegal services were performed by George O. Hansen. George O. Hansen is a litigation paralegal employed by the Funds. I believe that a reasonable rate for the paralegal services of George O. Hansen is $105.00 per hour.

6.     On this basis, the total of legal fees incurred in this matter is $1,204.50 (7.2 hours x $135.00 per hour for myself, .3 hours x $250.00 per hour for Albert Madden, and 1.5 hours x $105.00 per hour for George O. Hansen).

7.     The legal services are briefly summarized as follows: review file, including collective bargaining agreement, participation agreement, and delinquency billing report and current claim; preparation of complaint, appearance, and summons; review affidavit of service; court appearance; preparation of motion for entry of judgment by default, including supporting affidavits, exhibits, and proposed judgment order.

8.     Based upon my experience in similar cases, I believe that the above rates are at or below the market rate charged for legal work and therefore, are reasonable. I also believe that the amount of time spent by Albert Madden, George Hansen, and I on this case is reasonable. On that basis, the total of legal fees incurred in this matter is $1,204.50.

9.    The Funds have also incurred the following costs in connection with this litigation in the total amount of $445.00, consisting of Filing Fee in the amount of $350.00 and Service of Process fee in the amount of $95.00.

10.    I believe that the aforementioned legal fees and costs were necessarily incurred and are reasonable in amount.

**FURTHER AFFIANT SAYETH NOT.**

Rebecca K. McMahon

Subscribed and sworn to before me, a Notary Public, this ___3rd___ day of September, 2008.

Notary Public

> **"OFFICIAL SEAL"**
> **GEORGE O HANSEN**
> **Notary Public, State of Illinois**
> **My Commission Expires 1/21/2009**

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and HOWARD McDOUGALL, trustee, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.:  08 C 4078 |
| | ) | |
| MISSOURI PIPING, INC., | ) | Judge:  Conlon |
| a Missouri corporation, | ) | |
| | ) | Magistrate Judge:  Keys |
| Defendant. | ) | |

**JUDGMENT ORDER**

At Chicago, Illinois, in the District and Division aforesaid, before the Honorable

Suzanne B. Conlon, District Judge.

This cause coming to be heard this 9th day of September, 2008, on Plaintiffs' Motion

for Entry of Judgment by Default, due notice having been served, and it appearing of record

that a complaint for collection of delinquent employer contributions, interest, and statutory

damages under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29

U.S.C. § 1001 et seq., as amended by the Multiemployer Pension Plan Amendments Act

of 1980, was filed by Plaintiffs on July 17, 2008; that Defendant Missouri Piping, Inc., a

Missouri corporation, was served by delivery of Summons and Complaint on July 22, 2008;

that this Court entered a technical default against Missouri Piping, Inc., a Missouri

corporation on August 25, 2008 for failure to answer or otherwise plead to the complaint;

that Plaintiffs have submitted affidavits in support of judgment; and the Court having fully

considered the Complaint, the Motion for Entry of Judgment by Default and supporting

affidavits, and  the record in this case does hereby find: (i) that this Court has jurisdiction

of the action; (ii) that a judgment by default may properly be entered in favor of Plaintiffs

and against Defendant Missouri Piping, Inc., a Missouri corporation; and (iii) that Plaintiffs

have established by evidence satisfactory to this Court that judgment should be entered

against Defendant for the principal amount, interest, liquidated damages, attorneys' fees

and costs ordered hereinbelow, wherefore:

**IT IS ORDERED**:

A.     Judgment by default be and is hereby entered in favor of Plaintiffs Central

States, Southeast and Southwest Areas Pension Fund and Howard McDougall, trustee,

and against Defendant Missouri Piping, Inc., a Missouri corporation, in the total amount of

$5,697.78.  The judgment amount consists of: (i) delinquent employer contributions in the

amount of $3,252.30; (ii) interest in the amount of $145.52; (iii) liquidated damages in the

amount of $650.46; (iv) attorneys' fees in the amount of $1,204.50; and (v) costs in the

amount $445.00 awarded pursuant to 29 U.S.C. § 1132(g)(2).

B.     That Plaintiffs are awarded post-judgment interest on the entire judgment

balance at an annualized interest rate equal to two percent (2%) plus the prime interest rate

established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day

of the month for which interest is charged and shall be compounded annually.

C.     Specifically excluded from this judgment and not barred under any claim

preclusion are: (i) any obligation of Defendant Missouri Piping, Inc., a Missouri corporation

to pay employer contributions (or interest and statutory damages thereon) for any period

other than the period of December 2007 through May 2008; and (ii) any claim for employer

contributions (or interest or statutory damages thereon) for any period of time (including the

period of December 2002 through May 2008) on behalf of employees whose work history was not reported or was inaccurately reported to the Welfare Fund.

D.    That Plaintiffs are awarded execution for the collection of the judgment and costs granted.

E.    That the Court retain jurisdiction of the cause for the purpose of enforcing this Order.

Enter:

Dated: _____          _____
                                United States District Judge Conlon

Order prepared by
attorney for Plaintiffs:

Rebecca K. McMahon
Central States, Southeast and
Southwest Areas Pension Fund
9377 W. Higgins Road
Rosemont, Illinois 60018-4938
(847) 518-9800, Ext. 3441